530 S.E.2d 378

**In the Matter of James C. GALMORE, Respondent.**

**No. 25105.**

Supreme Court of South Carolina.

Submitted Feb. 23, 2000.

Decided April 10, 2000.

Attorney General Charles M. Condon and Senior Assistant Attorney General James G. Bogle, Jr., both of Columbia, for the Office of Disciplinary Counsel.

James C. Galmore, of Horry County, pro se.

PER CURIAM:

In this attorney disciplinary matter, respondent and disciplinary counsel have entered into an agreement under Rule 21 of the Rules for Lawyer Disciplinary Enforcement (RLDE) contained in Rule 413, SCACR. In the agreement, respondent admits misconduct and consents to a public reprimand. We accept the agreement and publicly reprimand respondent.

### Tonia Bates Matter

Respondent was employed by the law firm of Yarborough and Carter as an associate. Respondent was retained to represent Tonia Bates in a personal injury matter against Pulliam Ford. Thereafter, the Yarborough firm broke up. Respondent failed to enter into a new contingency fee contract with Ms. Bates as required by Rule 1.5 of Rule 407, SCACR.

Respondent appeared on Ms. Bates' behalf at her deposition but failed to reply to requests to admit filed by the defendant.

At a June 1998 roster meeting, the existence of this grievance by Ms. Bates against respondent was divulged. The trial judge directed respondent to prepare an order relieving him as counsel and giving his client thirty days to obtain a new attorney. Respondent failed to prepare the order. After receiving an order prepared by opposing counsel, the circuit court judge issued an order dismissing the case for failure to prosecute. On September 3, 1998, the trial judge wrote respondent, indicating he had spoken with Ms. Bates, who still had not received her client file.

In addition to failing to take appropriate action to protect his client after requesting to be relieved, respondent failed to comply with the requirements of Rule 12(d) regarding a motion to withdraw when a client has filed a complaint with the Commission on Lawyer Conduct. Rule 12(d) of Rule 413, SCACR, provides that when it is necessary to obtain permission of a tribunal to withdraw from representation, a lawyer may reveal the fact that the client filed a complaint with the Commission to establish good cause for withdrawal. If the motion to be relieved includes a reference to the existence of a complaint which is confidential under this rule, the lawyer shall serve a copy of the motion on the client, but shall give opposing counsel only notice of the motion without revealing the existence of the complaint. The motion to be relieved shall be accompanied by a request that the records relating to the motion be sealed, and the tribunal shall take steps to prevent disclosure of the existence of the complaint to any other person. At the time respondent raised the issue of Ms. Bates's complaint, the complaint was still under investigation and was confidential under Rule 12(a).

### Margaret R. Richardson Matter

Margaret R. Richardson is a court reporter employed by Associates Transcribing Service in Columbia. Respondent ordered a transcript of two depositions from Ms. Richardson. Ms. Richardson sent the transcript to respondent on August 6, 1997, along with a bill for $82.50. When respondent failed to pay the bill, Ms. Richardson sent a letter of complaint to the Commission. In response to a letter from the Commission,

respondent stated he had paid the bill, but not until July 14, 1998.

### Alvin C. Rice, Jr. Matter

Respondent was appointed in July 1998 to represent Alvin Rice, Jr. in a post-conviction relief (PCR) matter. Respondent failed to appear in court for the PCR hearing. Mr. Rice wrote a letter of complaint to the Commission. On September 11, 1998, the Commission wrote respondent a letter of inquiry about the complaint and requested a response within fifteen days. Respondent did not reply.

The Commission wrote respondent again on October 13, 1998, requesting a response to the complaint and reminding him that failure to respond to an inquiry from a disciplinary authority could, in and of itself, constitute grounds for discipline. A Notice of Full Investigation was served on respondent by letter dated November 23, 1998. While respondent did respond to the notice, he did not do so within the thirty days required.

### Mr. and Mrs. Ronnie Garland Matter

Mr. Ronnie Garland retained respondent to represent him in a matter. Thereafter, respondent relocated his law office to Conway, South Carolina. Mr. Garland had great difficulty communicating with respondent and obtaining his client file. He wrote a letter of complaint to the Commission.

On October 7, 1998, the Commission wrote respondent a letter of inquiry about Mr. Garland's complaint and requested a reply within fifteen days. Respondent did not reply.[1] The Commission wrote respondent a second time, requesting a reply and advising him that the failure to respond to a lawful inquiry could, in and of itself, constitute a violation. Respondent did not reply until after the thirty days required.

### Earline K. Carn–Dockery Matter

Earline Carn–Dockery retained respondent in April 1997. Ms. Carn–Dockery and respondent signed a retainer contract

---

1. Mr. Garland wrote the Commission a letter, received October 12, 1998, indicating he had obtained his client file.

from the firm of Yarborough and Carter, with the name of the firm struck out, and Rosette Carter's name inserted.[2]

The retainer contract called for a non-refundable attorney's fee of $750; further, the contract called for a fee of one-third of any recovery obtained if settled without litigation, or $4,500 of recovery if a lawsuit had to be filed. The contract further provided that the fee was to be paid as follows: $400 on April 30, 1997, and $75 per month thereafter, until paid: "After $750 is paid, fee arrangements on remainder $3,750 will be negotiated." Ms. Carn–Dockery made her first payment of $400 on April 30, 1997, and every month thereafter paid $100 until she had paid the full $750. Respondent took no action on the case and later left private practice and became employed full-time with the Public Defender's Office in Conway, South Carolina.

By July 1998, Ms. Carn–Dockery had yet to receive a refund of her fee or her client file. Upon receiving a letter of complaint from Ms. Carn–Dockery, the Commission wrote respondent and requested a response to the complaint. Respondent did not reply within the fifteen days required. On November 5, 1998, the Commission sent respondent a second letter requesting a response to the complaint and reminding him that failure to respond to an inquiry from a disciplinary authority could, in and of itself, constitute grounds for discipline. Respondent did not respond. Respondent also failed to file a timely response to the Notice of Full Investigation served upon him on December 22, 1998.

### Thomas C. Salane, Esquire and Honorable Joseph F. Anderson, Jr. Matter

Respondent took over representation of Jasper Boykin in an action against Allstate Insurance Company when Ernest Yarborough, who originally represented Mr. Boykin, was suspended from the practice of law. *See Matter of Yarborough*, 327 S.C. 161, 488 S.E.2d 871 (1997); *Matter of Yarborough*, 326 S.C. 62, 483 S.E.2d 473 (1997). During the course of the litigation, respondent contacted Thomas C. Salane, Esquire, attorney for Allstate, and indicated that he was going to move to be relieved as counsel due to his inability to handle the

---

**2.** Rosette Carter was a partner with Yarborough and Carter, in Chester, South Carolina.

matter. A motion to withdraw was filed and granted on August 1, 1997.

However, respondent reappeared as counsel for Mr. Boykin, and continued to represent him until several months later when he again requested to be relieved. On December 5, 1997, an order was issued allowing respondent to be relieved as counsel. Mr. Boykin was thereafter represented by different counsel.

On April 30, 1998, a settlement of the litigation was arranged by the parties and confirmed in writing. A conditional order of dismissal was issued, allowing either side to petition for reinstatement if the settlement was not consummated within sixty days.

On May 12, 1998, an order for hearing on settlement was issued. The order was precipitated by a letter from Mr. Boykin to the judge, complaining that he did not agree to the settlement. Mr. Boykin stated in the letter that he had spoken with Yarborough and respondent about his case and had agreed to pay Yarborough $2,300 to oversee respondent's handling of the case and to pay respondent an additional $1,000.

Respondent later maintained he was unaware of the payment by Mr. Boykin to Yarborough. Respondent refused to allow Yarborough to work on the case or supervise his work. However, respondent failed to report to the Commission Yarborough's offer to practice law while under suspension.

### Mary R. White Matter

Mary R. White retained Yarborough in 1996 to represent her in a matter against Allstate. When she learned of his suspension, she called his office to find out what would happen to her case. In May 1997, Ms. White received word from respondent that he and Rosette Carter were not handling any of Yarborough's former cases, and Ms. White needed to find a new attorney.

The litigation involving Ms. White also involved Mr. Boykin. Respondent referred Mr. Boykin and Ms. White to another attorney, Eleazer Carter. Mr. Boykin and Ms. White met with Mr. Carter, but since they did not have their client files,

and Mr. Carter needed more information, he could not accept the case.

After meeting with Mr. Carter, Mr. Boykin and Ms. White agreed to call respondent and Rosette Carter to ask them to continue representing them. Respondent agreed to take Ms. White's case, and she met with him in August 1997. They discussed an extension on pending discovery matters.

In September 1997, Ms. White received a letter from the court and opposing counsel asking that the case be dismissed because Ms. White had not responded to discovery. Inquiries to respondent about this went without response.

In October 1997, Ms. White received a letter from respondent along with a number of documents filed with the court on her behalf, including Plaintiff's Answers to Interrogatories, Requests for Production, and Notice of Motion and Motion to be Relieved as Counsel. Up to that point, respondent had received $2,300 from Mr. Boykin for Ms. White's legal fees.

After Ms. White telephoned respondent several times, respondent agreed to refund a portion of the money and return the file to Ms. White. On December 4, 1997, Ms. White went to Rosette Carter's office to meet with respondent, but he was not there. Ms. Carter informed Ms. White that respondent no longer worked out of that office. Ms. White retrieved her file and a check for $481, which had been left with a secretary.

Thereafter, Ms. White telephoned respondent and learned that her case had been dismissed because of respondent's errors and procrastination. Ms. White wrote a letter of complaint to the Commission. On July 31, 1998, the Commission wrote respondent a letter of inquiry about Ms. White's complaint and requested a reply within fifteen days. On August 51, 1998, respondent wrote the Commission requesting additional time to respond to the Complaint, giving the Commission his new address, and informing the Commission that he was now employed with the Horry County Public Defender's Office.

After respondent failed to reply to the initial letter of complaint, the Commission wrote respondent again on September 16, 1998, requesting a response, and advising him that failure to cooperate with a lawful demand from a disciplinary

authority could, in and of itself, constitute grounds for discipline. Respondent did not reply.

On March 3, 1999, a Notice of Full Investigation was sent via certified mail to respondent at his new address on March 3, 1999. Respondent did not pick up the certified mail, and the Notice of Full Investigation was returned. The notice was later hand delivered to respondent, and while he replied, his reply was not within the thirty days required.

## Conclusion

Respondent has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 1.1 (competent representation); Rule 1.3 (reasonable diligence and promptness in representing clients); Rule 1.4 (keeping clients reasonably informed about the status of matters and complying with reasonable requests for information); Rule 1.5 (failing to enter into new contingency fee arrangement after client's initial attorney was suspended); Rule 8.3 (failing to inform the appropriate professional authority that another lawyer committed a violation of the Rules of Professional Conduct that raised a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects); Rule 8.4 (professional misconduct).

Further, respondent has violated the following provisions of the Rules of Lawyer Disciplinary Enforcement, Rule 413, SCACR: Rule 7(a)(1) (violated the Rules of Professional Conduct); Rule 7(a)(3) (knowingly failed to respond to a lawful demand from the Commission to include a request for a response under Rule 19); Rule 7(a)(5) (engaged in conduct tending to pollute the administration of justice or bring the courts or legal profession into disrepute or conduct demonstrating an unfitness to practice law); Rule 7(a)(6) (violated the oath of office taken upon admission to practice law in this state); Rule 12(d) (failing to comply with the requirements regarding a motion to withdraw).

Respondent's conduct warrants a public reprimand. Accordingly, respondent is hereby publicly reprimanded.

PUBLIC REPRIMAND